NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL LEE SIMINGTON, | No. 15-35877 |
| Petitioner-Appellant, | D.C. No. 6:14-cv-01252-SI |
| v. | MEMORANDUM[*] |
| JEFF PREMO, Superintendent, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 10, 2017
Portland, Oregon

Before: LEAVY and FRIEDLAND, Circuit Judges, and BENITEZ, District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Carl Lee Simington ("Simington"), an Oregon state prisoner, appeals from the district court's judgment and order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Castellanos v. Small*, 766 F.3d 1137, 1145 (9th Cir. 2014), and we affirm.

In 2003, Simington was convicted after a bench trial of robbery in the third degree in violation of OR. REV. STAT. § 164.395 (Count 1); and two counts of robbery in the second degree in violation of OR. REV. STAT. § 164.405 (Counts 2 and 3). Each count was based on a separate incident, which occurred on three different days. Simington seeks federal habeas relief from those convictions on three grounds.

First, Simington argues that his due process right to a fair, competent tribunal was violated because the judge who presided at his bench trial was mentally incompetent. Simington is not entitled to habeas relief on that claim because he has not presented "clear evidence" that the judge was mentally incompetent at the time of his trial. *See Deere v. Cullen*, 718 F.3d 1124, 1147-1151 (9th Cir. 2013).

Second, Simington contends that his right to effective assistance of counsel was violated when his trial counsel failed to: (1) advise Simington of the trial judge's reputation before Simington waived a jury trial; (2) object to a witness's in-court identification of Simington after he was told to stand; and (3) move for a judgment of acquittal on Count 1.[1] Even assuming that trial counsel's performance fell below

_____

[1] Simington initially claimed that trial counsel had also rendered ineffective

2

an objective standard of reasonableness, Simington has not shown prejudice because: (1) Simington has not established that he would have obtained a more favorable outcome from a different factfinder, *see Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995); (2) Simington himself testified that he was present at the incident in question, and (3) Simington has not established a reasonable probability that a different result would have obtained if counsel had moved for a judgment of acquittal on Count 1, particularly given the trial court's statements that the State had proven Count 1 beyond a reasonable doubt, *See Premo v. Moore*, 562 U.S. 115, 120-21 (2011).

Third, Simington asserts that his due process right to a conviction based on sufficient evidence was violated with respect to Counts 1 and 3. Although the State's case was not overwhelming, it was neither contrary to nor an unreasonable application of federal law for the state court to conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the prosecution proved the essential elements of both counts beyond a reasonable doubt. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011).

The district court therefore properly concluded that the state court's determination of Simington's claims was neither contrary to nor an unreasonable

---

assistance by failing to move for a judgment of acquittal on Count 3, but he later conceded that trial counsel had made that motion.

3

application of clearly established federal law, 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 412 (2000), nor based on an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

**AFFIRMED.**